UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LINDA MILLIEN

VERSUS

CIVIL ACTION NO.:
3:23-CV-101-JWD-RLB

WALMART, INC., ET AL

## RULING ON MOTION FOR SUMMARY JUDGMENT

Before the Court is a *Motion for Summary Judgment* (Doc. 15) ("*Motion*") brought by defendant Walmart, Inc. ("Walmart" or "Defendant"). It is opposed by plaintiff Linda Millien ("Millien" or "Plaintiff"). (Doc. 22.) Walmart filed a reply. (Doc. 23.) The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, the *Motion* is denied.

### I.   Background

This is a personal injury suit where Plaintiff claims she fell and was injured due to an unreasonably dangerous condition in a Walmart parking lot. There is no question that she fell; indeed, there is video footage of the fall. The dispute centers on whether Plaintiff has produced summary judgment evidence sufficient to raise a genuine issue of material fact as to where and what caused her to lose her balance and fall.

### II.  Arguments of the Parties

#### a. Walmart

It is undisputed that, on September 7, 2022, Linda Millien, her granddaughter, and her great-granddaughter arrived and parked in the parking lot of the Walmart store located at 308 N. Airline Highway in Gonzales, La. (Walmart's *Statement of Uncontested Material Facts* ("*SUMF*"), Doc. 15-5 at 1, ¶¶ 1, 2; Plaintiff's *Response to Statement of Uncontested Material Facts*

1

("*RSUMF*") Doc. 22-4 at 1, ¶¶ 1, 2.)[1] It is undisputed that Plaintiff exited the car and walked toward the entrance to the Walmart store (*Id*. ¶ 3) and it is undisputed that she stumbled and fell in the parking lot (*Id*. ¶ 6). The fall was captured on surveillance video. (*Id*. at 2, ¶ 11.) [2]

Plaintiff claims that she stepped in "an area of concrete [in the parking lot] near the entrance/exit of the Walmart store [which] caused her to lose her balance and eventually fall." (*RSUMF* at 1, ¶ 5.) Walmart disputes this, arguing that (a) Plaintiff does not know for certain where she fell or what caused her to fall and (b) is only "guessing" when she claims to have fallen at that spot. (*SUMF* at 2, ¶¶ 8, 10; Doc. 15-1 at 6-7.)

Furthermore, Walmart insists that the record evidence shows that "Plaintiff was nowhere near the hole she guesses she stepped in and was the cause of her fall . . ." *(SUMF,* ¶ 14.) Specifically, "the undisputed video evidence clearly shows that Plaintiff was nowhere near the hole she guessed was the cause of her fall when she began to stumble and lose her balance." (Doc. 15-1 at 6.) According to Walmart, "[t]he hole Plaintiff 'identified' in her deposition was clearly **not** the cause of Plaintiff's fall." (*Id*.) "In fact, Plaintiff admitted that she **does not know if a hole in the parking lot caused her to fall**." (Doc. 15-1 at 7, citing and attaching, as Doc. 15-2, eight pages of Plaintiff's deposition.)

Walmart argues that under the law controlling this event, the Louisiana Merchant Liability Act, La. R.S. 9:2800.6, a plaintiff must establish, *inter alia*, that "she was damaged because of a fall due to a condition existing in or on a merchant's premises." (Doc. 15-1 at 6, quoting *Thibodeaux v. Brookshire Grocery Co*., 18-313 (La. App. 3 Cir. 11/7/18i) (internal quotations

---

[1] The Court notes that contrary to Middle District Local Rule 56(f), Plaintiff failed to cite to record evidence. For this reason, the Court could deem Walmart's SUMF as admitted. *Id.* However, because Plaintiff did cite to record evidence in its briefing, the Court will exercise its discretion to consider that evidence in connection with the *Motion*. *Id.* However, Plaintiff's counsel is cautioned to follow this Court's local rule in the future.

[2] Doc. 15-4 is the placeholder for the video which was filed conventionally by way of Walmart's motion (Doc. 17), and this Court's order granting the motion (Doc.18). The Court will refer to the video as Doc. 15-4.

2

omitted)).) Where a plaintiff is unable to identify where she fell, as here, she cannot meet that burden. (Doc. 15-1 at 7, citing inter alia, *Bailey v. Fred's Stores of Tennessee, Inc.*, 243 F. App'x 850, 852 (5th Cir. 2007).)

In addition, Walmart maintains that, putting aside Plaintiff's admission that she didn't know where she first lost her balance, "the undisputed video evidence clearly shows that Plaintiff was nowhere near the hole she guessed was the source of her fall." (Doc. 15-1 at 6, citing Doc. 15-4, the surveillance video.) Given the above evidence, Plaintiff is simply unable to meet her burden and summary judgment must be awarded. (*Id.* at 8 (citation omitted).)

In its *Motion*, Walmart does not argue that it did not own the parking lot where the accident occurred, that the hole where Plaintiff claims she fell did not constitute a condition posing an unreasonable risk of harm, or that Walmart did not have actual or constructive notice of this condition.

   **b. Plaintiff**

Plaintiff argues that Walmart's liability is governed by Louisiana Civil Code articles 2317.1 and 2696 and that Walmart breached its duties thereunder by failing to use reasonable care to correct or warn of this hole in its parking lot which constituted a "ruin, vice, or defect." (Doc. 22 at 4.) Plaintiff vehemently disputes Walmart's contentions that she did not know what caused her fall or that the evidence shows conclusively that the fall was not caused by a hole in the Walmart parking lot. In support of her argument, she points to the accident report containing the statement she gave to Walmart on the day of the accident (Doc. 22-3), and her deposition testimony (Doc. 15-2).

As regards her testimony, Plaintiff argues that "Plaintiff suffers from dementia and has episodes of memory loss [and therefore] . . . was hesitant to testify with absolute certainty

3

regarding the precise location when she lost her balance." (Doc. 22 at 5.) However, Plaintiff insists that "[she] did testify that she believed she tripped in the broken area of concrete seen in the enclosed photographs." (*Id*.) Plaintiff directs the Court to *Bourquard v. Winn Dixie Louisiana, Inc.*, 04-1150 (La. App. 5 Cir. 3/1/05), 900 So.2d 131, for the proposition that a plaintiff's recollection and identification of where she fell, refreshed by a post-accident visit of the scene, is competent summary judgment evidence sufficient to raise a material issue of fact as to where the plaintiff fell. (*Id*. at 6-7.)

Furthermore, Plaintiff contends that she is not relying solely on her testimony to defeat the summary judgment and "[t]here exists other evidence in this matter that would allow the Plaintiff to carry her burden of proof on this element of her claim." Indeed, "the surveillance footage confirms that the Plaintiff initially lost her balance in the area of the broken concrete." (*Id*. at 5.) "The Plaintiff's testimony, along with the surveillance footage, at the very least, creates a genuine issue of material fact as to what caused her to trip and fall." (*Id*. at 6.) Finally, Plaintiff points the Court to Doc. 22-2, a screenshot lifted from the video that shows an orange cone placed by a Walmart employee after the accident suggesting this was the place where Plaintiff "told Walmart employees how and when she fell." (*Id*.)

### c. Walmart's Reply

In its reply, Walmart again argues that Plaintiff testified she did not know where she fell and therefore Walmart cannot be responsible for any possible alleged defect in the parking lot. (Doc. 23 at 1-2.) Pointing the Court to *Johnson v. Dolgencorp, LLC,* No. CV 18-00815-BAJ-EWD, 2022 WL 1089192, at *4 (M.D. La. Mar. 15, 2022). *aff'd sub nom. Johnson v. Dolgencorp, LLC,* No. 23-30173, 2022 WL 17409608 (5th Cir. Dec. 2, 2022), and *Bailey v. RaceTrac Petroleum, Inc.*, No. CV 20-00303-BAJ-RLB, 2021 WL 1792081, at *3 (M.D. La.  May 5, 2021), Walmart

4

maintains that liability cannot be based on pure speculation as to where an accident occurred. (*Id.* at 2-5.)

Furthermore, displaying screenshots from the video, Walmart argues that these conclusively show that the initiation of Plaintiff's stumble and ultimate fall did not occur near the orange cone she identified as the place she lost her balance. (*Id.* at 2.) Therefore, Walmart is entitled to summary judgment.

### III.  Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the mover bears his burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S. Ct. 1348 (1986) (internal citations omitted). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### IV.  Discussion

> Generally, under Louisiana law, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. Rev. Stat. Ann. § 9:2800.6(A). To establish liability, a claimant must prove:
>
>> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>>
>> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>>
>> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> La. Rev. Stat. Ann. § 9:2800.6(B); see also *Cates v. Dillard Dep't Stores, Inc.*, 624 F.3d 695, 696 (5th Cir. 2010).

*Buchanan v. Wal-Mart Stores, Inc.*, 834 F. App'x 58, 62 (5th Cir. 2020)

La. R.S. 9:2800.6 has been applied to accidents and injuries occurring in the merchant's parking lot. See e.g., *Buchanan v. Wal-Mart Stores, Inc.*, *supra*; *Reed v. Wal-Mart Stores, Inc.*, 97-1174 (La. 3/4/98), 708 So.2d 362. Here, the focus of Walmart's *Motion* is 9:2800.6 (A)(2): specifically, that Plaintiff is unable to show that the alleged unreasonably dangerous condition "caused the damage."[3] In support of its motion Walmart makes two basic arguments: first, because Plaintiff testified she doesn't know where she began to stumble and ultimately fell, she cannot prove that the allegedly defective condition caused her fall. Second, Walmart argues that even if she sufficiently identified the area of broken concrete as the cause of her stumbling and falling, the

---

[3] Of course, proving that a defendant's fault caused a plaintiff's injuries is a plaintiff's burden in any tort suit. *Labit v. Palms Casino & Truck Stop, Inc.*, 11-1552 (La. App. 4 Cir. 5/9/12), 91 So. 3d 540, 543, writ denied, 12-1310 (La. 9/28/12), 98 So. 3d 843 ("Under both [negligence and strict liability], a plaintiff must prove that the condition of the thing presented an unreasonable risk of harm, or was defective, and that this condition of the thing was a cause-in-fact of her injuries.")

6

video shows conclusively that this is incorrect and that her fall began at some other point. These two issues will be considered separately.

    *a.     Has Plaintiff Sufficiently Identified with Summary Judgment Evidence the Place She Began to Stumble and Fall?*

Plaintiff and her granddaughter spoke to a representative of Walmart shortly after the accident while Plaintiff was still on the ground. According to Walmart's accident report, "*[t]hey told [the Walmart representative] that she had tripped over a hole between row 11 and 12. She was on the grown [sic] way away from the hole. I was told she stumbled and couldn't control herself.*" (Doc. 22-3 (emphasis added).)

In her deposition, Plaintiff said that as she was walking normally across the parking lot, she suddenly "tilted" and then "started running" about nine or ten feet and "couldn't stop." (Doc. 15-2 at 2, 4.) When asked directly, "[w]hat caused you to tilt?" she answered directly, "[t]he hole in the parking lot." (*Id*. at 2.) However, she also testified that, because she wasn't looking down at the time she started tilting and running, she "guesses" that the hole she identified on a deposition exhibit was the hole that caused her to lose her balance. (*Id*. 5-6, referring to Doc. 15-3.) When asked when she "determined that [the hole] was what caused [her] to fall," she responded, "when I guess I looked back, you know, where I had walked." (*Id*. at 6.)

> Q.    \*\*\* If you didn't know what caused you to fall immediately when you hit the ground and you never went back and retraced your steps, how do you know this is what caused you to fall?
>
> A.    I don't know.
>
> Q.    Is it possible you could have just lost your balance?
>
> A.    No.

(*Id*. at 7-8.)

One possible inference from Plaintiff's deposition testimony is that, as Walmart argues, she has no idea where or what caused her stumble, lose her balance and fall. Another reasonable

7

inference is that, while she didn't see the hole at the time she lost her balance, while on the ground after the fall, she "looked back . . . where I had walked" and saw what had caused her to stumble. (*Id.* at 6.) This latter interpretation is also supported by what she and her granddaughter told the Walmart representative as she lay on the ground immediately after the fall, i.e., "she had tripped over a hole between row 11 and 12" which was some distance from where she was laying. (Doc. 22-3.)

For purposes of this summary judgment motion, this Court must, of course, draw all reasonable inferences in favor of the non-movant, in this case, Plaintiff. By doing so, the Court concludes that Walmart is not entitled to summary judgment based on the Plaintiff's testimony.[4]

Walmart cites several cases for the proposition that when a plaintiff is unable to identify what caused him to fall,[5] he cannot recover based on mere guesswork or speculation and, says Walmart, that is not what we have here. This Court has also held that where a plaintiff is unable to identify what caused him or her to fall, summary judgment is warranted. *Hotard v. Sam's E., Inc.*, No. CV 19-304-JWD-EWD, 2021 WL 2700381, at *9 (M.D. La. June 30, 2021) (deGravelles, J.) (granting summary judgment where "[p]laintiffs cannot say whether the accident was caused by a crack in the pavement, a twig, or some unknown debris.")

But here, there is record evidence that Plaintiff identified the hole that started the sequence of events that ended in her fall. (Doc. 22-3, accident report, and Doc. 15-2 at 2 (answering question, "What caused you to tilt?" with "[t]he hole in the parking lot.").) Furthermore, at least according to Walmart's accident report, Plaintiff's granddaughter also identified the hole in question as the

---

[4] While Plaintiff argues that she "suffers from dementia has episodes of memory loss" (Doc. 22 at 5), she cites to no record evidence supporting this statement. The Court has therefore not considered this allegation in reaching its decision.

[5] (*See*, e.g. Doc. 23 at 2-4, citing *Johnson v. Dolgencorp, LLC*, *supra* and *Bailey v. RaceTrac Petroleum, Inc*, *supra*)

8

point at which Plaintiff began to fall. (Doc. 22-3 ("*They* told [the Walmart representative] that she had tripped over a hole between row 11 and 12.") (emphasis added).)

Thus, this case is more like *Bourquard v. Winn Dixie Louisiana, Inc.*, relied on by Plaintiff.[6] (Doc. 22 at 7.) In *Bourquard*, the defendant merchant moved for summary judgment based partly on the plaintiff's testimony that prior to the accident she did not see anything that caused her to fall. *Bourquard* 900 So.2d at 133. But the Court reversed the district court's grant of summary judgment based on circumstantial evidence, some of which was based on the plaintiff's return to the scene the following day with an investigator. *Id*. Like in *Bourquard*, Plaintiff here admitted she did not see what caused her to stumble at the time it happened. Like in *Bourquard*, Plaintiff here testified that she identified the hole that caused her to fall after it happened, in this case, immediately after the fall as she looked back at the path she had taken.

Walmart points to weaknesses in Plaintiff's testimony. But it is the job of a jury, not the Court on a summary judgment motion, to measure and resolve weaknesses, inconsistencies and even contradictions in a witness's testimony. As this Court previously stated:

> The Court acknowledges the inconsistencies within Hampton's deposition testimony and the Defendants' argument that Hampton seemed unable at his deposition to fully recall all the events related to the incident. Though these points raise significant and serious credibility issues, Hampton's contradictory statements by way of his initial witness statement, affidavit, and deposition testimony should be weighed by the jury, not the Court at the summary judgment stage. These contradictions present issues of fact as to how long the substance was on the ground prior to the incident that only the jury can decide.

*Batiste v. Walmart Inc.*, No. CV 21-488-JWD-SDJ, 2024 WL 1335629, at *11 (M.D. La. Mar. 27, 2024) (deGravelles, J.)

---

[6] The Court notes that Walmart did not address *Bourquard* in its reply memorandum.

Given the record evidence before the Court and the varying reasonable inferences that can be drawn therefrom, some of which might lead a reasonable jury to rule for Plaintiff, summary judgment is inappropriate on this ground.

      b.      *Does the Video Evidence Blatantly Contradict the Plaintiff's Testimony?*

Walmart argues that even if Plaintiff's testimony is not sufficiently clear to justify summary judgment in its favor, "the undisputed video evidence clearly shows that Plaintiff was nowhere near the hole she guessed was the source of her fall." (Doc. 15-1 at 6, citing Doc. 15-4, the surveillance video.) Plaintiff counters that "the surveillance confirms that the Plaintiff initially lost her balance in the area of the broken concrete." (Doc. 22 at 5.)

"[W]hen a party's testimony 'is blatantly contradicted by the record [such as by a videotape], so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.' " *McDowell v. Wal-Mart Stores, Inc.*, 811 F. App'x 881, 883 (5th Cir. 2020) (quoting *Scott v. Harris*, 550 U.S. 372, 380, (2007)). *See also Lacaze v. Walmart Stores, Inc.*, No. CV 20-696-JWD-EWD, 2022 WL 4227240, at *8 (M.D. La. Sept. 13, 2022) (deGravelles, J.) (granting Walmart's summary judgment motion when video blatantly contradicted the plaintiff's testimony).

On the other hand, "[w]here video evidence is equivocal or subject to multiple interpretations, the correct interpretation of same should be left to the jury. *Lacaze v. Walmart Stores, Inc.*, 2022 WL 4227240, at *8, n.5 (citing *Richard v. Wal-Mart Stores, Inc.,* No. 17-285, 2018 WL 4608481, at *2 n.26. (M.D. La. Sept. 25, 2018).)

The Court has carefully reviewed the video of the accident (Doc. 15-4) and finds that it is subject to multiple interpretations. The quality of the video is not good. At seven seconds into the video, plaintiff is first seen on the left of the screen stumbling forward until she falls five seconds later, several feet from where she is first seen. Because she appears to be stumbling forward when

10

she is first seen on the video, it is difficult to see what initiated her loss of balance which led to her fall.

At 1:56 in the video, an individual who appears to be a Walmart employee arrives where Plaintiff is laying on the ground. Plaintiff remains at this location until paramedics arrive some 10 minutes later (11:18) and she is taken from the scene at 13:23. (See also Plaintiff's deposition, Doc. 15-2 at 7 explaining that she was removed from the scene by stretcher and ambulance.) From the point where she leaves via ambulance, more than six minutes elapse before a Walmart employee (a different employee than the one who first checked on Plaintiff) places an orange cone in the parking lot which can be seen in the video until it ends. The record is not clear as to how that Walmart employee identified the location to place the orange cone which is also seen other photographs (e.g., Doc. 22-1 at 1- 4).

In its reply memorandum, Walmart compares two frames isolated from the video, one showing when Plaintiff is first seen in the video, and one showing the orange cone, and argues that these show conclusively that Plaintiff did not lose her balance in the hole she identified in her deposition. (Doc. 23 at 2.) Plaintiff, on the other hand, argues that the video "confirms that the Plaintiff initially lost her balance in the area of the broken concrete." (Doc. 22 at 5.)

The Court finds that the video is only one piece of a multi-piece puzzle. In light of the other evidence, the video is subject to multiple interpretations and does not "blatantly contradict" Plaintiff's testimony and the other evidence. When one considers the totality of Plaintiff's testimony, the statement she and her granddaughter gave to the Walmart representative immediately following the accident, along with the video and photographs, there is sufficient evidence to raise a genuine issue of material fact for a jury to decide on the issue of where and what caused Plaintiff to begin to stumble including whether it was at or near the broken concrete

11

shown in some of the photographs. The video's interpretation in light of Plaintiff's testimony, other photographs, and the statement of other witnesses there at or around time of the accident is best left for jury consideration and determination.

## V.     Conclusion

Considering the foregoing, Walmart's *Motion for Summary Judgment* (Doc. 15) is **DENIED.**

Signed in Baton Rouge, Louisiana, on September 9, 2024.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**